Jodi A. McDougall, OSB No. 172703
COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, Washington 98104
Telephone:  (206) 340-1000
jmcdougall@cozen.com

Lisa A. Ferrari (*pro hac vice forthcoming*)
COZEN O'CONNOR
3 WTC, 175 Greenwich St. 55th Floor
New York, New York 10007
Telephone:  (212) 297-2699
lferrari@cozen.com

*Attorneys for Plaintiff Good Clean Love, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**EUGENE DIVISION**

| | |
|---|---|
| GOOD CLEAN LOVE, INC., <br><br> Plaintiff, <br><br> v. <br><br> AUDACIOUS BEAUTY, LLC, <br><br> Defendant. | Civil Action No. _____ <br><br> **COMPLAINT FOR FEDERAL AND COMMON LAW TRADEMARK INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Good Clean Love, Inc. ("Good Clean Love"), by and through its undersigned attorneys, brings this Complaint against Audacious Beauty, LLC ("Audacious Beauty"), for trademark infringement in violation of federal law and the common law of Oregon, and alleges as follows:

## PARTIES

1. Plaintiff Good Clean Love is an Oregon corporation with a place of business at 207 W. 5th Avenue, Eugene, Oregon 97401.

2. Upon information and belief, Defendant Audacious Beauty is a New York limited liability company with a place of business at 108 Wooster Street, Apartment 5F, New York, New York 10012.

## JURISDICTION AND VENUE

3. This action arises under the Acts of Congress under the Lanham Act, Title 15 U.S.C. § 1051, *et seq.*, and the common law of the State of Oregon. As such, this Court has subject matter jurisdiction under the provisions of Title 28 U.S.C. §§ 1331 and 1338.

4. This Court has original jurisdiction over the claims brought under federal law pursuant to 28 U.S.C. §§ 1331 and 15 U.S.C. § 1121.

5. This Court has supplemental jurisdiction over the claims brought under the common law pursuant to 28 U.S.C. § 1338(b) and § 1367(a).

6. This Court may exercise personal jurisdiction over Audacious Beauty as Audacious Beauty has purposefully directed and expressly aimed their tortious activities to the State of Oregon and established sufficient minimum contacts with Oregon by, among other things, advertising and selling products bearing the infringing mark throughout the United States, including to consumers in Oregon, through a highly interactive website that is accessible to the entire United States, through the regular course of business, with knowledge that Good Clean Love is based in Oregon and would suffer damages in Oregon as a result of Audacious Beauty's actions. Good Clean Love's claims arise out of, in part, Audacious Beauty's advertising of products bearing the infringing mark to Oregon residents. As such, Audacious Beauty should reasonably expect that its activities might have consequences herein.

7. Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b) and (c).

<u>**GOOD CLEAN LOVE'S<br>BUSINESS AND INTELLECTUAL PROPERTY**</u>

8. Good Clean Love, founded in 2003, is a well-known provider of female sexual health and hygiene products.  Good Clean Love sells a variety of gynecologist-recommended feminine care products including washes, wipes, vaginal suppositories, cleansing kits, and moisturizers.

9. Good Clean Love has spent over 20 years building its brand to become a leading provider of female sexual health and hygiene products in the United States and beyond.

10. Good Clean Love has adopted and used the trademark GOOD CLEAN LOVE®, in multiple stylings, to promote its goods to its customers, including the word mark GOOD CLEAN LOVE® and stylized marks  ® and ® (collectively, the "GOOD CLEAN LOVE® Marks").  In furtherance of this use, Good Clean Love owns numerous U.S. federal trademark registrations for use in connection with female sexual health and hygiene products.

11. On December 29, 2009, Good Clean Love filed an application for registration of the word mark GOOD CLEAN LOVE® in the United States Patent and Trademark Office (USPTO) on the Principal Register under the Lanham Act, 15 U.S.C. § 1051 et seq.  This application was assigned Serial No. 77902332, and covers the use of this mark in connection with "essential oils; oil-based gels for massage; and body butters" in International Class 3 and "oil-based gels for use as personal lubricants, personal lubricants" in International Class 5.  The date of first use of the GOOD CLEAN LOVE® Mark is at least as early as May 31, 2010.  This application was allowed by the USPTO and issued as Registration No. 4032215 on September 27,

2011. This registration has acquired incontestable status with the approval of its Section 15 Declaration. This registration is active and valid.

12. On January 15, 2010, Good Clean Love filed an application for registration of the stylized mark GOOD CLEAN LOVE  ® in the USPTO on the Principal Register under the Lanham Act, 15 U.S.C. § 1051 et seq. This application was assigned Serial No. 77912792, and covers the use of this mark in connection with "Essential oils; oil-based gels for massage; and body butters" in International Class 3 and "Oil-based gels for use as personal lubricants, personal lubricants" in International Class 5. The date of first use of the  ® Mark is at least as early as May 31, 2010. This application was allowed by the USPTO and issued as Registration No. 4132301 on April 24, 2012. This registration has acquired incontestable status with the approval of its Section 15 Declaration. This registration is active and valid.

13. On August 26, 2021, Good Clean Love filed an application for registration of the stylized mark GOOD CLEAN LOVE ® in the USPTO on the Principal Register under the Lanham Act, 15 U.S.C. § 1051 et seq. This application was assigned Serial No. 90904461, and covers the use of this mark in connection with "Vaginal washes for personal sanitary or deodorant purposes; feminine deodorant suppositories; essential oils; massage gels other than for medical purposes, namely, oil-based gels for massage; massage candles for cosmetic purposes" in International Class 3 and "Gels for use as personal lubricant; vaginal cream in the nature of medicated skin care preparations; personal lubricants; probiotic supplements; sanitizing wipes;

vaginal moisturizers; medicated skin care preparations, namely, gels for use for women's vaginal health" in International Class 5. The date of first use of the Good Clean Love ® Mark is at least as early as August 1, 2020. This application was allowed by the USPTO and issued as Registration No. 7015404 on April 4, 2023. This registration is active and valid.

14. The GOOD CLEAN LOVE® Marks are strong and inherently distinctive. Since 2010, the GOOD CLEAN LOVE® Marks have developed invaluable goodwill and a strong reputation within the female health and hygiene industry as a designator of source of Good Clean Love's goods.

15. Good Clean Love's GOOD CLEAN LOVE® Marks have become well-known throughout the female health and hygiene industry. Through its widespread, continuous, and substantially exclusive use of the GOOD CLEAN LOVE® Marks to identify Good Clean Love's goods and Good Clean Love as their source, Good Clean Love owns valid and subsisting federal statutory and common law rights in the GOOD CLEAN LOVE® Marks.

16. Good Clean Love has expended significant time, money, and resources marketing, advertising, and promoting its goods under the GOOD CLEAN LOVE® Marks.

17. The market success of the goods offered under the GOOD CLEAN LOVE® Marks has been extraordinary, and the relevant public has come to rely upon and recognize Good Clean Love's goods by the GOOD CLEAN LOVE® Marks.

18. Good Clean Love engages in significant efforts to enforce its intellectual property rights and to defend its GOOD CLEAN LOVE® Marks against infringers and potential infringers.

19. GOOD CLEAN LOVE has repeatedly notified Audacious Beauty of the GOOD CLEAN LOVE® Marks and requested that Audacious Beauty cease use of its GOOD CLEAN

FUNGI Designation (defined below) and/or any additional designations that are confusingly similar to the GOOD CLEAN LOVE® Marks.

## AUDACIOUS BEAUTY'S UNLAWFUL CONDUCT

20. On December 14, 2021, over ten years after Good Clean Love's first use of the GOOD CLEAN LOVE® Marks and subsequent registration of those Marks, Audacious Beauty filed an application on an intent-to-use basis to register the mark GOOD CLEAN FUNGI (the "GOOD CLEAN FUNGI Designation") for "Non-medicated skin care preparations; Non-medicated skin care preparations, namely, creams, lotions, gels, toners, cleaners and peels; Non-medicated preparations all for the care of skin, hair and scalp" in International Class 3, which was assigned Serial No. 97171020 (the "GOOD CLEAN FUNGI Application").

21. The GOOD CLEAN FUNGI Designation is confusingly similar in sound, appearance, and overall commercial impression to Good Clean Love's GOOD CLEAN LOVE® Marks. It incorporates substantial portions of the GOOD CLEAN LOVE® Marks. The marks begin with two identical, dominant terms. Moreover, both GOOD CLEAN FUNGI and GOOD CLEAN LOVE contain three relatively short and simple words. Additionally, it is apparent Audacious Beauty intends to evoke a similar meaning and commercial impression as the GOOD CLEAN LOVE® Marks that the products sold under the GOOD CLEAN FUNGI Designation do not contain harmful ingredients and are beneficial for the consumer.

22. Further, based on the Application and subsequent use of the GOOD CLEAN FUNGI Designation, Audacious Beauty offers and intends to offer personal hygienic and dermatological goods under the GOOD CLEAN FUNGI Designation. These goods are highly similar to the female sexual health and hygiene goods currently offered by Good Clean Love under its GOOD CLEAN LOVE® Marks.

23. Moreover, both Good Clean Love and Audacious Beauty sell their respective products on Amazon.com, and utilize digital media and marketing to advertise to consumers seeks clean skincare products. As such, Good Clean Love and Audacious Beauty market and sell their products to similar consumers in the same channels of trade. This further enhances the likelihood of consumer confusion.

24. After the GOOD CLEAN FUNGI Application was filed, Good Clean Love became aware of Audacious Beauty's intent to use of the confusingly similar GOOD CLEAN FUNGI Designation. On December 27, 2022, Good Clean Fun initiated an Opposition against the GOOD CLEAN FUNGI Application with the Trademark Trial and Appeal Board ("TTAB"), which was assigned Opposition No. 91282551 (the "TTAB Opposition"). Good Clean Love opposed the GOOD CLEAN FUNGI Application pursuant to Section 13 of the Trademark Act (15 U.S.C. § 1063), as Good Clean Love believes that it is and will continue to be damaged by the GOOD CLEAN FUNGI Application.

25. The TTAB Opposition is currently pending before the TTAB.

26. After commencement of the TTAB Opposition, Good Clean Love became aware that Audacious Beauty began to use the GOOD CLEAN FUNGI Designation in United States commerce beginning in or about October 2023, despite its full knowledge of and in violation of Good Clean Love's priority trademark rights. *See* https://hearmeraw.com/collections/good-clean-fungi/products/good-clean-fungi?variant=46732794396986 for an example of the GOOD CLEAN FUNGI Designation currently in use.

27. Good Clean Love sent Audacious Beauty a cease and desist letter on November 27, 2023, requesting that Audacious Beauty immediately cease and desist all use of the GOOD CLEAN FUNGI designation in U.S. commerce.

28. Audacious Beauty has refused to withdraw its Application or otherwise refrain from using the GOOD CLEAN FUNGI Designation.

29. In light of Good Clean Love's use of GOOD CLEAN LOVE® dating back to at least as early as 2010, and its numerous federal registrations, Good Clean Love's GOOD CLEAN LOVE® Marks have clear priority over Audacious Beauty's GOOD CLEAN FUNGI Designation which, upon information and belief, has only been used since in or about late 2023.

30. As noted, Good Clean Love, through its counsel, communicated with Audacious Beauty and its counsel regarding the GOOD CLEAN FUNGI Designation on multiple occasions. During these communications and through the TTAB Opposition, Good Clean Love clearly put Audacious Beauty on notice of Good Clean Love's longstanding rights in its GOOD CLEAN LOVE® Marks and requested the withdrawal and cessation of use of the GOOD CLEAN FUNGI Application and Designation on the basis that it is likely to be confused with Good Clean Love's GOOD CLEAN LOVE® Marks when used in connection with highly similar personal hygienic and dermatological goods.

31. By refusing to withdraw its trademark application, and by commencing and continuing use of the GOOD CLEAN FUNGI Designation, Audacious Beauty has adopted and is using a highly similar variation of Good Clean Love's GOOD CLEAN LOVE® Marks with the intent to trade off the enormous goodwill that Good Clean Love has earned in its Marks, and to deceive and confuse the public into believing that the goods marketed under the GOOD CLEAN FUNGI Designation are sponsored by, authorized by, associated with and/or originate from Good Clean Love, when they do not and are not.

32.     Despite receiving actual notice of Good Clean Love's long-standing intellectual property rights in the GOOD CLEAN LOVE® Marks, to date, Audacious Beauty has refused to discontinue use of the GOOD CLEAN FUNGI Designation as requested by Good Clean Love.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT**
Lanham Act § 32, 15 U.S.C. § 1114

33.     Good Clean Love repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

34.     Good Clean Love's GOOD CLEAN LOVE® Marks are federally registered and, as such, the corresponding registrations are evidence of Good Clean Love's exclusive right to use the GOOD CLEAN LOVE® Marks in connection with its female sexual health and hygiene goods. 15 U.S.C. § 1115.

35.     Further, several of the GOOD CLEAN LOVE® Marks, including the word mark, have acquired incontestable status.  Thus, the registrations for the GOOD CLEAN LOVE® Marks are conclusive evidence of the validity of the registered marks, of Good Clean Love's ownership of the marks, and of Good Clean Love's exclusive right to use the registered marks in commerce in connection with the goods specified in the affidavits filed under the provisions of §1065 or the renewal applications filed under the provisions of § 1059. 15 U.S.C. §1115.

36.     The GOOD CLEAN LOVE® Marks are inherently distinctive to both the consuming public and within the health and hygiene industry for Good Clean Love's female sexual health and hygiene goods.

37.     Good Clean Love's well-known GOOD CLEAN LOVE® Marks and the GOOD CLEAN FUNGI Designation are similar with respect to sound, appearance, meaning, and create the same overall commercial impression.  The GOOD CLEAN FUNGI Designation incorporates substantial portions of the GOOD CLEAN LOVE® Marks.  Specifically, the GOOD CLEAN

FUNGI Designation wholly encompasses the first two dominant words of the GOOD CLEAN LOVE® Marks. Moreover, both GOOD CLEAN FUNGI and GOOD CLEAN LOVE contain three relatively short and simple words.

38. Good Clean Love provides female sexual health and hygiene products under its GOOD CLEAN LOVE® Marks. These goods provided or intended to be provided under the GOOD CLEAN FUNGI Designation are highly similar to Good Clean Love's goods, as the GOOD CLEAN FUNGI Application broadly identifies "skin care preparations". Further, Audacious Beauty is already selling a female hygiene product of a cleaning balm under the GOOD CLEAN FUNGI Designation.

39. Good Clean Love and Audacious Beauty market and sell their products to similar consumers in the same channels of trade, further enhancing the likelihood of consumer confusion.

40. As such, Audacious Beauty's use of the GOOD CLEAN FUNGI Designation for such similar goods will likely lead to further confusion, mistake, or deception of the public within the meaning of Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d), and would otherwise cause injury and damage to Good Clean Loves GOOD CLEAN LOVE® Marks, as well as its good will and reputation.

41. Audacious Beauty has infringed Good Clean Love's trademark rights in interstate commerce by various acts, including using the GOOD CLEAN FUNGI Designation in association with highly similar female hygiene products. This unauthorized use by Audacious Beauty constitutes infringement of Good Clean Love's existing GOOD CLEAN LOVE® Marks in violation of the Lanham Act, 15 U.S. C. § 1051 et seq., to the substantial and irreparable injury of the public and of Good Clean Love's GOOD CLEAN LOVE® Marks, business reputation, and goodwill.

42. Good Clean Love has not given consent to Audacious Beauty to use the GOOD CLEAN FUNGI Designation or any other confusingly similar mark to the GOOD CLEAN LOVE® Marks.

43. Audacious Beauty's conduct, if not enjoined, will cause irreparable damage to the rights of Good Clean Love in its GOOD CLEAN LOVE® Marks and in its business, reputation, and goodwill. Good Clean Love's damages from the aforesaid unlawful actions of Audacious Beauty, to the extent ascertainable, have not yet been determined.

44. By the forgoing actions, Audacious Beauty has engaged in willful trademark infringement in violation of 15 U.S.C. § 1117.

45. Good Clean Love seeks attorney's fees and costs given the willful conduct of Audacious Beauty.

46. Good Clean Love seeks treble damages given the willful conduct of Audacious Beauty.

## COUNT II
## COMMON LAW TRADEMARK INFRINGEMENT
(Oregon)

47. Good Clean Love repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

48. The GOOD CLEAN LOVE® Marks are valid and enforceable registered trademarks entitled to protection under the Lanham Act and Oregon law.

49. Good Clean Love has continuously used GOOD CLEAN LOVE® in interstate commerce and in Oregon since at least as early as 2010 in connection with its female sexual health and hygiene goods.

50. The GOOD CLEAN LOVE® Marks are inherently distinctive to both the consuming public and within the health and hygiene industry for Good Clean Love's female sexual health and hygiene goods.

51. Audacious Beauty began advertising and selling female hygiene products bearing the infringing GOOD CLEAN FUNGI Designation in the same and similar channels as Good Clean Love.

52. The GOOD CLEAN LOVE® Marks are registered on the Principal Register of the USPTO for highly related goods upon or in connection with which Audacious Beauty uses or intends to use the GOOD CLEAN FUNGI Designation.

53. Good Clean Love has not given consent to Audacious Beauty to use the GOOD CLEAN FUNGI Designation or any other confusingly similar mark to the GOOD CLEAN LOVE® Marks.

54. Audacious Beauty's actions constitute willful and deliberate use in commerce of a mark confusingly similar to Good Clean Love's GOOD CLEAN LOVE® Marks, which is likely to cause confusion, mistake, and deception as to the source of the products or of the origin, sponsorship, or approval by Good Clean Love of the infringing products and services provided by Audacious Beauty, or vice versa.

55. This unauthorized use by Audacious Beauty constitutes infringement of Good Clean Love's existing GOOD CLEAN LOVE® Marks in violation of Oregon law, to the substantial and irreparable injury of the public and of Good Clean Love's GOOD CLEAN LOVE® Marks, business reputation, and goodwill.

56. Audacious Beauty's conduct, if not enjoined, will cause irreparable damage to the rights of Good Clean Love in its GOOD CLEAN LOVE® Marks and in its business, reputation,

and goodwill. Good Clean Love's damages from the aforesaid unlawful actions of Audacious Beauty, to the extent ascertainable, have not yet been determined.

## PRAYER FOR RELIEF

**WHEREFORE**, Good Clean Love prays for relief against Audacious Beauty as follows:

1. That the Court enter judgment against Audacious Beauty and in favor of Good Clean Love.

2. That the Court preliminary and permanently enjoin and restrain Audacious Beauty, its officers, directors, agents, employees and all persons in active concert or participation with Audacious Beauty who receive actual notice of the injunction, by personal service or otherwise, from doing, abiding, causing or abetting any of the following:

   A. infringing or contributing to the infringement of Good Clean Love's GOOD CLEAN LOVE® Marks;

   B. engaging in any acts or activities directly or indirectly calculated to infringe Good Clean Love's GOOD CLEAN LOVE® Marks;

   C. using, selling, offering for sale, promoting, advertising, marketing or distributing services and/or products, advertisements or marketing materials that use the phrase "GOOD CLEAN FUNGI" or any mark similar thereto;

   D. using any other mark, configuration or design that is confusingly similar to Good Clean Love's GOOD CLEAN LOVE® Marks; and

   E. otherwise competing unfairly or deceptively with Good Clean Love in any manner whatsoever.

3. That the Court find that Audacious Beauty is infringing Good Clean Love's GOOD CLEAN LOVE® Marks.

4. That the Court order Audacious Beauty to expressly abandon the GOOD CLEAN FUNGI Application.

5. That the Court order Audacious Beauty to account for and pay to Good Clean Love the damages to which Good Clean Love is entitled as a consequence of the willful infringement of Good Clean Love's GOOD CLEAN LOVE® Marks.

6. That the Court enter an order placing reasonable but effective restrictions on the future transactions and activities of Audacious Beauty so as to prevent fraud on the Court and so as to ensure the capacity of Audacious Beauty to pay, and the prompt payment of, any judgment entered against Audacious Beauty in this action.

7. That the Court award Good Clean Love its compensatory, incidental, and consequential damages.

8. That the Court award Good Clean Love enhanced, treble, and/or punitive damages.

9. That the Court award Good Clean Love its reasonable attorney's fees and the costs of this action.

10. That the Court grant Good Clean Love such other further relief as is just and proper.

## **DEMAND FOR JURY TRIAL**

Good Clean Love demands a trial by jury on all triable issues of fact.

DATED this 11th day of March, 2024.

                COZEN O'CONNOR

                By: */s/ Jodi A. McDougall*
                    Jodi A. McDougall, OSB No. 172703
                    E-mail: jmcdougall@cozen.com
                    999 Third Avenue, Suite 1900
                    Seattle, WA 98104
                    Phone: (206) 340-1000

                    Lisa A. Ferrari, (*pro hac vice forthcoming*)
                    E-mail: LFerrari@cozen.com
                    3 WTC, 175 Greenwich St. 55th Floor
                    New York, New York 10007
                    Phone: (212) 297-2699

Attorneys for Plaintiff Good Clean Love, Inc.