IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

GOOD CLEAN LOVE, INC.,

        Plaintiff,                            Case No. 6:24-cv-00444-MC

       v.                                 OPINION AND ORDER

AUDACIOUS BEAUTY, LLC,

        Defendant.

_____

**MCSHANE, Judge**:

       Plaintiff Good Clean Love, Inc. moves for fees and costs against Defendant Audacious Beauty, LLC, for expenses incurred first in serving Defendant and later for responding to Defendant's motion to dismiss based on insufficient service of process. ECF No. 27. Defendant opposes the motion. ECF No. 29.

       The Ninth Circuit applies the "lodestar" method for calculating attorney fees. *Fischer v. SJB–P. D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). That calculation multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Id.* (citing *Hensely v. Eckerhart*, 461 U.S. 424, 433 (1983)). A "strong presumption" exists that the lodestar figure represents a "reasonable fee," and it should therefore only be enhanced or reduced in "rare and exceptional cases." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986). Ordinarily, the court decides whether to enhance or reduce the lodestar figure by evaluating a set of factors. *Moreno v. City of Sacramento*, 534

F.3d 1106, 1111 (9th Cir. 2008). Prevailing market rates are those that the local legal market would pay for a case of this nature to a lawyer of comparable skill, experience, and reputation to a plaintiff's counsel of record. *Blum v. Stenson,* 465 U.S. 886, 897 (1984). Accordingly, this District uses the Oregon State Bar 2022 Economic Survey as the initial benchmark when reviewing fee petitions.[1]

The Court was not surprised to see that Plaintiff moved for fees and costs. The Court was surprised, however, to see that Plaintiff has requested $43,050.80 in fees and costs.  It is the Court's view that the service issues were simple and straightforward; certainly not so complex to justify $25,480.50 in fees responding to the discrete service issues in Defendant's motion to dismiss.[2] After all, the Court assigned a law student to research the issue of insufficient service and a draft opinion was quickly forthcoming. Plaintiff's response (to Defendant's motion to dismiss) was 21 pages. ECF No. 14. The first six pages were background facts and information. Plaintiff dedicated seven pages to the argument that service was proper. The Court struggles to imagine how Plaintiff incurred over $25,000 in fees on six pages of background followed by seven pages of legal analysis. Again, this was a rather straightforward issue.

Ultimately, the Court is unable to determine the reasonableness of Plaintiff's alleged fees because Plaintiff's declaration in support is devoid of any factual basis to allow the Court to even begin to make such a determination. Plaintiff did not provide any information on the number of hours spent on this task or on the hourly rate(s) sought. Instead, Plaintiff's attorney merely states that she reviewed invoices and concluded Plaintiff "incurred $25,380.50 in attorney fees and costs in connection with that section of the opposition which addressed improper service."

---

[1] The economic survey is available at https://www.osbar.org/_docs/resources/Econsurveys/22EconomicSurvey.pdf.
[2] Plaintiff does not argue it is entitled to fees incurred responding to the merits of the Trademark issues raised in Defendant's Motion to Dismiss.

Ferrari Decl. ¶ 20; ECF No. 27-1. The Court is unable to conduct a Lodestar determination based on the declaration provided.

Relatedly, Plaintiff seeks $13,160 in fees incurred in drafting the motion for fees. *Id.* at ¶ 22. Once again, Plaintiff provides no breakdown on the number of hours spent drafting the motion or on the hourly rate sought. Once again, the Court struggles to imagine how Plaintiff managed to incur essentially $1,000.00 per page drafting such a standard fee petition. In fact, a good portion of that motion—over five pages—is background information lifted essentially verbatim from Plaintiff's earlier Response to Defendant's Motion to Dismiss for improper service. The Court does not mean to imply that Plaintiff should avoid reinventing the wheel going forward. Cutting and pasting background information from earlier briefs is a prudent practice to save time and costs. The Court merely notes that given the straightforwardness of the motion, along with the fact that much of the motion was recycled information, $13,160 appears at first glance to veer quite close to the edge of any reasonableness analysis.[3] On this issue, the Court notes that the Declaration in support, and even the supporting documentation, are essentially cut and pasted from Plaintiff's earlier response. The only differences appear to be the conclusionary statements that Plaintiff's attorney reviewed certain invoices and concluded X amount of attorney fees were incurred on different tasks. *See* Ferrari Decl. ¶¶ 16–17, 20–22.

Regardless of any deficiencies with respect to the pending motion for fees, the Court will take up any attorney fee issues, if necessary, after entry of Judgment. At that time, the Court will be better positioned to assess the reasonableness of all parties during the entire course of the

---

[3] Plaintiff reserves the right to add the fees associated with preparing its Reply "to be calculated following issuance of the Court's Order." ECF No. 31, 5. The Court shudders to imagine how much in fees Plaintiff incurred drafting its five-page Reply in support of fees. Luckily, the Court need not decide at this time a reasonable amount of fees to draft a five-page Reply in support of a motion for fees. Should either party file a motion for fees in the future, the moving party is warned that this Court generally frowns on any attempt "to double dip by charging an hourly rate higher than one's experience allows, yet spending the excess hours a less-experienced attorney needs to accomplish similar tasks." *T.B. v. Eugene Sch. Dist.*, Case No. 6:15-cv-1111-MC, 2016 WL 3951385 at *2 (July 21, 2016, Op.).

litigation. On this issue, the Court warns both parties that it is concerned with keeping litigation costs in check. One way to do this is to caution both parties to be reasonable in all litigation-related tasks (whether those tasks consist of signing a waiver of service of summons, working to keep motion-related fees reasonable, or even working together to avoid costly and unnecessary discovery disputes). As both parties are represented by attorneys permitted to appear *pro hac vice*, the Court again warns both parties that it expects the attorneys to work together—i.e., to act "reasonably"— in an attempt to keep costs down. The Court will consider a party's general reasonableness over the course of the entire litigation when ruling on any later motion for attorney fees. For the above reasons, Plaintiff's Motion for Fees and Costs, ECF No. 27, is DENIED at this time.[4]

IT IS SO ORDERED.

DATED this 16th day of December, 2024.

                                                                                                                                                                                                                           \_\_s/Michael J. McShane_____
Michael J. McShane
United States District Judge

---

[4] In the minute order adopting the parties proposed discovery and dispositive motion deadlines, the Court neglected to include the information typically included in such minute orders. That language is included here:

> Discovery disputes between the parties, if any, should first be brought to the attention of the court via email to see if an informal resolution can be reached. The court does not allow depositions of experts without a good cause motion filed by the party seeking the deposition. The court will assist the parties in finding a judicial officer if the parties wish to have a settlement conference with a judge. Please do NOT send paper courtesy copies of your filings to the court unless requested. The judge and his staff use the electronic record. Trial dates will be set at the request of the parties or upon resolution of dispositive motions. The parties should be prepared to go to trial within four months of resolution of dispositive motions (or within four months of the dispositive motion deadline if no motions are filed). All contact with the court should go through the Courtroom Deputy, Charlene Pew, at 541-431-4105 or Charlene_Pew@ord.uscourts.gov.